# In the United States Court of Federal Claims

No. 19-463T
Filed: April 27, 2020

|  |  |
|---|---|
| **BRIAN J. HALL, and**<br>**ROBIN A. HALL,**<br><br>               *Plaintiffs,*<br><br>v.<br><br>**UNITED STATES,**<br><br>               *Defendant.* | **Keywords:** RCFC 12(b)(1); Amended Tax Return; Tax Refund Claim; Signature Requirement; Waiver; Informal Claim Doctrine |

*Kathryn Magan*, Magan Law, Dallas, TX, for Plaintiffs.

*Courtney Hutson*, Trial Attorney, with whom were *Mary Abate*, Assistant Chief, *David Pincus*, Chief, Court of Federal Claims Section, Tax Division, and *Richard Zuckerman*, Principal Deputy Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

In this tax refund case, Plaintiffs Brian J. Hall and Robin A. Hall (collectively "the Halls" or "taxpayers") seek a $4,151 federal income tax refund for the 2014 tax year. The Halls claim they are entitled to the foreign earned income exclusion under 26 U.S.C. § 911 for income earned by Brian Hall in Australia. Defendant, the United States, now moves to dismiss Plaintiffs' Complaint because the Halls failed to sign the returns relevant to their claim and failed to properly authorize a representative to sign on their behalf.

The Halls filed a Complaint on March 28, 2019, (ECF No. 1), which was refiled on March 19, 2020 with proper redactions as a Second Redacted Original Complaint (Compl., ECF No. 34).[1] The United States filed a Motion to Dismiss on February 10, 2020, (ECF No. 25), which it amended and refiled on February 14, 2020. (Def. Mot., ECF No. 26). The Halls filed their Response to the United States' Motion to Dismiss on March 13, 2020. (Pls. Resp., ECF No. 32). The United States filed its Reply on April 3, 2020. (Def. Reply, ECF No. 38).

---

[1] The Court cites to Plaintiffs' Second Redacted Original Complaint, ECF No. 34 as "Compl." The Halls have twice amended their Complaint, without making substantive changes, in order to comply with this Court's redaction rules. (*See* ECF Nos. 7, 9, 11, 27, 33).

This mater is now fully briefed and ripe for decision. As explained below, signing a tax return under penalty of perjury is a jurisdictional requirement in tax refund suits and the IRS did not waive this requirement. Therefore, the Court **GRANTS** the United States' Motion to Dismiss and **DISMISSES** the Halls' Complaint.

## I. Background

The Halls are United States citizens and taxpayers. (Compl. at 2, ECF No. 34). Brian Hall worked for a U.S. defense contractor near Alice Springs, Australia during the 2014 tax year. (*Id*.). The Halls filed their original federal return Form 1040 for tax year 2014 on February 23, 2015. (Compl. at ¶ 8). In early 2018, the Halls retained Castro & Co., LLC to review this return and prepare an amended return to claim the foreign earned income exclusion under 26 U.S.C. § 911. (Compl. at ¶¶ 10, 11). Thereafter, the Internal Revenue Service (IRS) received three separate amended returns (Form 1040X) for tax year 2014: on March 12, 2018 ("First Amended Return"); on July 25, 2018 ("Second Amended Return"); and August 4, 2018 ("Third Amended Return"). (Def. Mot., Exs. 1–3).[2]

The Halls' First Amended Return, Form 1040X, filed March 12, 2018, sought a refund of $4,151, claimed the foreign earned income exclusion and attached IRS Form 8833.[3] (Def. Mot., Ex. 1). Form 8833 referenced an attached "Statement 4" detailing the Halls' basis for the requested refund. (Def. Mot., Ex. 1 at 20). IRS Form 1040X[4] requires a signature under penalty of perjury with the following instruction:

> Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information which preparer has any knowledge.

---

[2] The parties point to different dates for many identical filings; the Halls often cite the date of postmark or preparation while the United States cites to the date received. The United States provides certified records from the IRS, which the Court may presume are "true, accurate, and correct" for the purposes of this Motion to Dismiss. *See H.S. & H. Ltd. of Columbia ILL v. United States*, 18 Cl. Ct. 241 246 (1989). The Court relies on this certified record throughout its discussion of this dispute.

[3] Form 8833 is the Treaty-Based Return Position Disclosure form. On this form, line 6 requests the taxpayer "Explain the treaty-based position taken." The Halls referenced an attached statement, denoted as "Statement 4," wherein the taxpayers asserted the international treaty they had been taxed under had been superseded by another treaty, invalidating their closing agreements and entitling them to a greater tax refund. (*See* Compl., Ex. B at 7, 9). The 2014 version of Form 8833 is available at https://www.irs.gov/pub/irs-prior/f8833--2013.pdf.

[4] The 2014 version of Form 1040X is available at https://www.irs.gov/pub/irs-prior/f1040x--2014.pdf.

(*See, e.g.*, *id*. at 3). The Halls' First Amended Return was prepared and signed by John Anthony Castro but was not accompanied by a Form 2848[5] Power of Attorney authorizing his representation. (*Id*. at 3). The First Amended Return did not contain the signatures of either Brian or Robin Hall, and also omitted Robin Hall's social security number. (*See id*. at 2–3; *see also* Declaration of Brian Hall at ¶ 5, ECF No. 32-1; Declaration of Robin Hall at ¶ 5, ECF No. 32-2).

On May 7, 2018, the IRS issued the Halls a letter informing them the IRS could not consider the Halls' First Amended Return due to lack of supporting information in Form 8833, Line 6. (Compl., Ex. C). In response, Castro, on behalf of the Halls, submitted the Second Amended Return, which updated the date next to his signature and included a Form 12203[6] Request for Appeals Review (the "First Form 12203") but did not make changes to Form 8833 Line 6. (*See* Def. Mot., Ex. 2 at 3, 25). On the First Form 12203, to which Castro affixed his own signature but not those of the taxpayers, the Halls asserted that Form 8833 was complete and directed the IRS to Statement 4. (*Id*. at 25). The First Form 12203 was not accompanied by a Form 2848 Power of Attorney, despite its instructions. (*See id*. ("If a representative is signing this form, please attach a copy of your completed Form 2848, Power of Attorney and Declaration of Representative.")).

On August 4, 2018, the IRS received the Halls' Third Amended Return which contained Robin Hall's social security number and was, again, signed by Castro but not Brian or Robin Hall. (Def. Mot., Ex. 3 at 2, 4; Decl. of B. Hall at ¶ 7; Decl. of R. Hall at ¶ 7). The Third Amended Return, like the two previously amended returns, was filed without a Form 2848. (*See* Def. Mot., Ex. 3). The Third Amended Return also updated the explanation of changes section to include a reference to the attached "Statement 1." (*Id*. at 4). Statement 1 provided an updated explanation for the amended return which referenced Forms 8833 and 8275[7] for further details. (*Id*. at 5).

On September 12, 2018, Castro submitted a Form 2848 on behalf of the Halls, purporting to give John Anthony Castro authority to represent Brian Hall before the IRS for tax years 2014–2018. (Def. Mot., Ex. 8). Part I of this form states: "A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS." (*Id*.). Part I, Line 3 of Form 2848 requests the taxpayer list the acts authorized by his or her representative. In response to this line, Brian Hall's form lists tax form numbers "1040, 1040NR, 1040A, 1040EZ, etc." (*Id*.). Part I, Line 5a allows the taxpayer to authorize "additional acts" and includes a box that can be checked to authorize the representative to sign a return on behalf of the taxpayer. (*See id*.). Brian Hall's Form 2848 did not list any "additional acts" or

---

[5] The 2014 version of IRS Form 2848 is available at https://www.irs.gov/pub/irs-prior/f2848--2014.pdf.

[6] IRS Form 12203 is available at https://www.irs.gov/pub/irs-pdf/f12203.pdf.

[7] From 8275 is available at https://www.irs.gov/forms-pubs/about-form-8275 ("Taxpayers and tax return preparers use this form to disclose items or positions that are not otherwise adequately disclosed on a tax return to avoid certain penalties.").

check the box to allow Castro to sign his return. (*See id*.). The IRS did not receive a Form 2848 from Robin Hall authorizing anyone to represent her before the IRS. (Def. Mot. at 11).

On September 18, 2018, the Halls received two letters from the IRS; the first stating the Halls' claim was being disallowed because it was untimely, (Compl., Ex. D), and the second stating the Halls' claim would be reviewed by the Area Office. *(Id*., Ex. E). The first letter, Letter 105C, stated the Halls' claim was being disallowed because they "filed [their] original tax return more than 3 years after the due date," referencing the First Amended Return received on August 4, 2018. (*Id.*, Ex. D).

On November 15, 2018, the Halls, through Castro, filed a second Form 12203 Request for Appeals Review (the "Second Form 12203"). (Def. Mot., Ex. 10). In the Second Form 12203, the Halls disagreed that the amended returns were untimely and cited to the First Amended Return received by the IRS as filed on March 12, 2018. (*Id*.). The Second Form 12203 contended the Second Amended Return and Third Amended Return contained "procedural correction[s]." (*Id*.). Castro, but not Brian or Robin Hall, signed the Second Form 12203 but failed to provide an accompanying Form 2848, despite instructions to do so. (*Id*.).

On February 14, 2019, in a letter from Appeals Officer Nick Lang ("Lang"), the IRS scheduled a telephone conference and requested the Halls provide support for their position that the Third Amended Return was timely. (*Id.*, Ex 11). The letter acknowledged that, upon preliminary review, the Halls' First Amended Return was denied and returned as unable to process because the supporting information was incomplete. (*Id*.). The letter also noted the Halls made payment on April 15, 2015,[8] and therefore, the three-year statutes of limitation under 26 U.S.C. § 6511(a) ran on April 15, 2018. (*Id*.). Consequently, the IRS reasoned that the present claim, submitted August 4, 2018, was untimely. (*Id*.). In response, on February 24, 2019, the Halls emailed Lang an unsigned "file copy" of the 2014 First Amended Return. (Compl. at ¶ 21; Def. Mot., Ex. 12).

During the March 11, 2019 telephone conference, Lang communicated that the IRS was focused on the incomplete Form 8833, and that Statement 4 was insufficient so the IRS could not assess tax liability. (Compl. at ¶ 23). On March 28, 2019, the Halls filed a complaint in the Court of Federal Claims. (ECF No. 1). On June 14, 2019, in Letter 2681, the IRS notified the Halls "[t]he information [they] submitted provided no basis to allow any part of [their] claim." (Pls. Resp., Ex. 1 at 15).

---

[8] The Halls assert their original return for tax year 2014 was filed February 23, 2015. (Compl. at ¶ 8). The United States asserts that return was filed April 15, 2015. (Def. Reply at 7). Even accepting the United States' date as true (as it is the date most favorable to plaintiffs), the three-year window in which the Halls could file a return for the tax year 2014 closed on April 15, 2018. *See* 26 U.S.C. § 6511(a) ("Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later"). The timeliness of the return is not before the Court, but rather, whether the IRS considered the merits of the claimed foreign earned income exclusion.

## II. Standard of Review

The burden of establishing subject matter jurisdiction rests with the plaintiff, who must do so by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). This Court's jurisdiction to entertain claims and grant relief depends on the extent to which the United States has waived sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976). The waiver of sovereign immunity found in 28 U.S.C. § 1346 vests this Court with concurrent original jurisdiction over civil actions "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected[.]"

RCFC 8, the counterpart in Fed. R. Civ. P. 8, requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2). Pursuant to RCFC Rule 12(b)(6), the Court will grant a motion to dismiss if it finds the party has failed to state a claim upon which relief may be granted. In considering a motion to dismiss for failure to state a claim, the Court "must accept as true all of the allegations in the [pleading]" and "must indulge all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001).

For a claim to be properly stated, the pleading "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[O]nly a [pleading] that states a plausible claim for relief survives a motion to dismiss." *Id.* "Generally, an amended pleading supersedes the original for all purposes." *Nolen v. Lufkin Indus., Inc.*, 466 Fed. Appx. 895, 898 (Fed. Cir. 2012).

## III. Discussion

The United States seeks dismissal of the Halls' Complaint on the grounds that this Court lacks subject matter jurisdiction to hear the claim. (Def. Mot. at 1). In support, the United States submits that because the Halls failed to sign their 2014 amended tax returns, it was not "duly filed," which is a necessary requirement for jurisdiction in this Court. (*Id.*). The Halls concede that they did not sign their 2014 returns, but argue the United States waived the signature requirement when it considered and disallowed the Halls' 2014 returns on the merits. (Pls. Resp. at 1, 4). Alternatively, the Halls seek a declaratory judgment that their claim complies with the informal claims doctrine and can be perfected by later amendment. (Pls. Resp. at 10). The United States counters that the IRS did not evaluate the merits of the Halls' refund claim and issued a disallowance based on procedural grounds such that the waiver doctrine does not apply. (Def. Reply at 2–3). Further, the United States argues the Halls are not entitled to a declaratory order because a formal claim was not filed to perfect the informal claim. Thus, according to the United States, the informal claims doctrine does not apply, and the Court does not have jurisdiction to issue such an order. (*Id.* at 13–14).

As explained below, the Court agrees that the waiver doctrine does not apply because the IRS disallowed the Halls' claim on the grounds that it was untimely, a procedural basis, and did not evaluate the merits of the Halls' eligibility for the foreign earned income exclusion. Further, the informal claims doctrine does not apply because the Halls did not submit a formal claim to

perfect their informal one, and the Court is without jurisdiction to issue a declaratory judgment before a formal claim has been filed.

### A. Requirements to Bring a Tax Refund Claim

To bring suit to recover an erroneous tax refund assessment, "the taxpayer must comply with the tax refund scheme established in the [Internal Revenue] Code." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). To comply with the tax scheme established in the Internal Revenue Code (IRC), the taxpayer first must wait six months from the filing of his claim with the IRS:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time[.]

26 U.S.C. § 6532(a)(1). Second, the taxpayer's return must have been "duly filed" according to the IRC and relevant Treasury Regulations:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.*

26 U.S.C. § 7422(a) (emphasis added). For a refund claim to be "duly filed," it:

> [M]ust set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. *The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury.* A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

Treas. Reg. § 301.6402-2(b)(1) (emphasis added). This is not a trivial requirement, as "[t]he perjury charge based on a false return has been deemed 'one of the principal sanctions available to assure that honest returns are filed.'" *Borgeson v. United States*, 757 F.2d 1071, 1073 (10th Cir. 1985) (quoting *Vaira v. Commissioner,* 52 T.C. 986, 1005, *rev'd on other grounds*, 444 F.2d 770 (3d Cir. 1971)).

The only exception to this requirement is when a legal representative certifies the claim and attaches evidence of a valid power of attorney. Treas. Reg. § 301.6402-2(e). The power of attorney must contain certain identifying information, including a "[d]escription of the matter(s) for which representation is authorized," and "[a] clear expression of the taxpayer's intention

concerning the scope of authority granted to the recognized representative(s)." Treas. Reg. § 601.503(a).

The Halls concede that their 2014 amended tax returns[9] failed to comply with Treasury Regulations § 301.6402-2(b)(1) in that they did not contain a signed declaration of validity under penalty of perjury. (Pls. Resp. at 4; Decl. of R. Hall at ¶¶ 5, 7; Decl. of B. Hall at ¶¶ 5, 7). The Halls further concede that Form 2848 was ineffective and thus did not authorize Castro to sign the 2014 amended tax returns on their behalf. (Pls. Resp. at 4). Therefore, the Court only has jurisdiction to hear this suit if the IRS waived these requirements.

### B. The Waiver Doctrine

The Halls argue that, notwithstanding their failure to comply with Treasury Regulations mandating that "duly filed" tax returns include a valid signature under penalty of perjury, the IRS waived those requirements by considering the merits of their tax refund claim. (*Id*.). The basis for a "claim of waiver is that the Commissioner through his agents dispensed with the formal requirements of a claim by investigating its merits." *Angelus Milling Co. v. C.I.R.*, 325 U.S. 293, 296 (1945). The United States argues the IRS did not waive the signature requirement because it did not investigate the merits of the Halls' claim and was not aware of the signature issue when it denied the Halls' claim as untimely. (Def. Mot. at 3, 4, 9). The Court agrees with the United States that the IRS did not waive the signature requirements with respect to the Halls' 2014 tax refund claim.

While compliance with intricacies of the treasury regulations may seem burdensome, uniformity is essential to perform the colossal mission of processing literally hundreds of millions of tax forms per year.[10] *See Stoller v. United States*, 444 F.2d 1391, 1393 (4th Cir. 1971) ("The Commissioner does not possess the time or resources to perform extensive investigations into the precise reasons and facts supporting every taxpayer's claim for a refund."). The IRS retains the power to "demand information in a particular form" and "is entitled to insist that the form be observed so as to advise [it] expeditiously and accurately of the true nature of the claim." *Angelus Milling*, 325 U.S. at 299. However, the power to make these regulation and insistence on compliance is "for self-protection, and not for self-imprisonment." *Id*. at 297. The IRS can choose "not to stand on [its] own formal or detailed requirements" and proceed to investigate the merits of a claim. *Id*. Allowing the IRS to invoke technical objections after evaluating the claim would render these safeguards "an empty abstraction." *Id*.

---

[9] As discussed *supra*, the Halls filed three separate amended 2014 returns, yet none contained the Halls' signatures under penalty of perjury. Therefore, the Court discusses these returns collectively as "the 2014 amended tax returns."

[10] Last year, the IRS processed approximately 155,611,000 tax returns and made 111,811,000 refunds averaging $2,689. *See* IRS, Filing Season Statistics for Week Ending December 27, 2019, available at www.irs.gov/newsroom/filing-season-statistics-for-week-ending-december-27-2019 (last visited April 27, 2020). During tax year 2018, the IRS processed over 250 million tax returns and other forms. *See* IRS, SOI Tax Stats - IRS Data Book, available at https://www.irs.gov/statistics/soi-tax-stats-irs-data-book (last visited April 27, 2020).

The waiver doctrine applies only where it is "unmistakable that the Commissioner has in fact been fit to dispense with his formal requirements and to examine the merits of the claim." *Id*. Examination of the claim on its merits requires more than a cursory review of the documents submitted, the evidence must be clear that the IRS understood the claim submitted and its attention was "focused on the merits of the particular dispute." *Id*. Although not conclusive, such evidence might include substantive responses to the taxpayers claims, *Goulding v. United States*, 929 F.2d 329, 333 (7th Cir. 1991), and, of course, notice of a final decision *on the merits*. *Cencast Servs., L.P. v. United States*, 729 F.3d 1352, 1368 (Fed. Cir. 2013).

Here, the IRS never considered the Halls' claim of entitlement to the foreign earned income exclusion on the merits. On May 7, 2018, the IRS notified the Halls that their First Amended Return lacked sufficient supporting information for the merits of their foreign income exclusion claim to be considered. (Compl., Ex. C). The Halls' Second Amended Return, which was substantively identical to the First Amended Return, elicited no action from the IRS. (Def. Mot., Ex. 2 at 3, 25). The Halls' Third Amended Return, submitted August 4, 2018, was disallowed as untimely. (Pls. Resp., Ex. 1 at 4 (stating the Halls' claim was being disallowed because it was filed "more than 3 years after the due date.")). Acknowledging the IRS's disallowance was based on timeliness, Castro submitted the Second Form 12203, requesting the Appeals Office review the timeliness of the Halls' 2014 refund claim. (Def. Mot., Ex. 10) (noting the "disagreed item" was rejection of the Third Amended Return "on the basis that the statute of limitations under Section 6511 appl[ied]").

Further confirming that timeliness—not the foreign earned income exclusion—was being reviewed, the IRS letter dispatched on February 14, 2019 stated the review focused on whether a "complete Form 1040X" was filed within the three-year statute of limitation. (Def. Mot., Ex. 11). Thus, as IRS Officer Lang explained, the only issue examined by the IRS was whether the 1040X submitted on March 12, 2018 (the First Amended Return) was complete. (*Id*.). Likewise, Letter 2681 explained that there was "no basis" to allow any part of the Halls' claim, making no mention of the claim's merits. (Pls. Resp., Ex. 1 at 15).

With all the focus on whether the Halls' 2014 amended returns contained sufficient information for processing, the United States submits, there could be no waiver of the signature requirement because the IRS was unaware that regulations was being violated. (*See* Def. Mot. at 9). The Halls contend that the IRS could have "easily" detected the signature defect but "chose to forego the requirement" of having a taxpayer signature on either the return, or a valid Form 2848. (*See* Pls. Resp. at 4). This contention finds no support in the law or the record.

In general, "waiver is ordinarily an *intentional* relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (emphasis added). Because the Treasury Regulations are promulgated "for the protection of the revenue," the IRS must at least be aware a violation has occurred before it can intentionally dispense with its own regulations. *See Angelus Milling*, 325 U.S. at 297. While it was examining the sufficiency of information contained in Plaintiffs' 2014 amended return, the IRS was entitled to rely on the fact that *someone* had signed the return under penalty of perjury. *See* 26 U.S.C. § 6064 ("The fact that an individual's name is signed to a return, statement, or other document shall be prima facie evidence for all purposes that the return, statement, or other document was actually signed by him [or her]."). Further, no Form 2848 was filed to alert the IRS that the signature on Plaintiffs'

First Amended Return was not the taxpayers'. The Halls' admission in this case that their 2014 amended returns were invalid because they failed to comply with the signature requirements cannot now form the basis for their assertion the IRS waived these requirements. Since "the tight net which the Treasury Regulations fashion is for the protection of the revenue, courts should not unduly help disobedient refund claimants to slip through it." *Angelus Milling*, 325 U.S. at 297.

The 2014 amended returns were never signed by the taxpayers nor accompanied by a power of attorney, thus were not "duly filed" in compliance with Treas. Reg. § 301.6402-2(b)(1). The IRS did not waive this signature requirement because the focus of its review was on the sufficiency of information provided and thus the timeliness of the claim. In any case, the IRS was never made aware the Halls' 2014 amended returns lacked the signature necessary to make them valid. Therefore, the waiver doctrine is inapplicable, and the Halls have, self-admittedly, failed to "duly file" a tax return necessary to maintain their tax refund claim under 26 U.S.C. § 7422(a).

C. *The Informal Claims Doctrine*

The Halls request that, if the Court grants the United States' Motion to Dismiss, the Court enter a declaratory judgment that the Halls have submitted an informal claim that can be perfected upon later amendment to cure all defects. (Pls. Resp. at 10). The United States asserts that the informal claims doctrine is inapplicable, and the Court lacks jurisdiction to issue such an order. (Def. Reply at 13–14). The Court agrees with the United States on both counts.

The informal claims doctrine allows the Court to consider a claim rejected by the IRS where an out-of-time amendment remedies its defect. *United States v. Kales*, 314 U.S. 186, 194 (1941). The "informal claim" can be "perfected" by amendment and considered by the Court notwithstanding a lapse of the statute of limitation before the amendment was filed. *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 66, 72 (1933).

However, "the IRS's jurisdiction over the claim necessarily terminates on the date a refund suit is filed." *Computervision Corp. v. United States*, 445 F.3d 1355, 1372 (Fed. Cir.), *adhered to on denial of reh'g,* 467 F.3d 1322 (Fed. Cir. 2006). This suit was brought before the claim was perfected, and termination of the IRS's jurisdiction precludes any future attempt to do so. *Id*. Therefore, the informal claims doctrine is inapplicable. Moreover, the invalidity of the Halls' claim as discussed above precludes this Court from exercising jurisdiction to enter the declaratory order the Halls request. *See* 26 U.S.C. § 7422(a); Treas. Reg. § 301.6402-2(b)(1). Thus, the informal claims doctrine provides the Halls no relief, and, even if it were applicable, the Court lacks jurisdiction to issue a declaratory order.

### IV. Conclusion

A signature under penalty of perjury is a jurisdictional requirement in tax refund suits. The Halls concede that their 2014 amended returns did not contain a valid signature and thus were not "duly filed." As the IRS did not waive these signature requirements, and the informal claims doctrine is inapplicable to cure defects in the Halls' 2014 tax refund claim, the Court lacks jurisdiction to hear the Halls' suit. Therefore, the Court **GRANTS** the United States' Motion to Dismiss and **DISMISSES** Plaintiffs' Complaint.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/     David A. Tapp
DAVID A. TAPP, Judge